## 12012.   OWENS *v.* FULLER.

STEPHENS, J.   1. The proper measure of damages for the purchaser's breach of a contract for the sale of personal property is the amount due on the purchase-money contracted for. In a suit by the seller against the purchaser, where the second count of the petition alleged the contract of sale and the purchase price agreed upon between the parties, but prayed for damages at the market value of the commodity sold, which alleged market value was in excess of the purchase price agreed upon, the second count was properly, on this ground, stricken on demurrer.

2. Where in such a suit the issue was whether or not the alleged contract of sale had been entered upon, the plaintiff contending that the sale had been consummated and the property had been delivered to the

defendant with a warranty by the plaintiff that a sawmill which was the subject-matter of the sale would saw merchantable timber, and the defendant contending that the property had been delivered to him by the plaintiff under an agreement between them that the defendant would enter into a contract to purchase the property, provided that the defendant found, upon testing the machinery, that it would saw a certain number of feet of lumber per day, it was not prejudicial error for the court, in the charge to the jury, to refer to the plaintiff's alleged warranty or guarantee as a condition, nor (since there was no contention by either party that there was a contract containing a condition subsequent) to define a conditional contract as a contract which the parties enter into upon certain conditions, and which, if the conditions are not complied with, does not become binding, without distinguishing between conditions precedent and conditions subsequent.

3. An expression of an opinion by the court that the alleged sale was a conditional one was not made by charging the jury " that the terms and conditions under which the sawmill was delivered to the deferdant . . is a question of fact for your consideration."

4. Since the jury found against the plaintiff's right to recover in any amount in his suit for the breach of the alleged contract of sale, any alleged error in the charge limiting the plaintiff's right to recover, to an amount less than that sued for, is necessarily harmless.

5. The charge of the court fairly and without prejudice to the plaintiff submitted all the issues to the jury, and the evidence supports a verdict for the defendant in so far as it applies to the plaintiff's suit for an alleged breach of the alleged contract of sale. The trial court therefore did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED AUGUST 31, 1921.

Action for breach of contract; from Baldwin superior court — Judge Park. November 29, 1920.

*Sibley & Sibley,* for plaintiff.

*Edward R. Hines, George S. Carpenter,* for defendant